## Maude Straus, Appellee, v. Boston Store of Chicago, Appellant.

### Gen. No. 17,117.

NEGLIGENCE—*defective step.* In an action for personal injuries the fact that plaintiff and the person with her at the time of the accident testified that plaintiff's foot caught in a groove in the first step down in a certain stairway, when the grove is in the second step; does not affect the right to recover.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed March 4. 1913. Rehearing denied March 10, 1913.

WINSTON, PAYNE, STRAWN & SHAW, for appellant; EDWARD W. EVERETT, of counsel.

MCCASKILL & SON, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

This is an appeal by the defendant from a judgment for $850 for personal injuries sustained by plaintiff in falling on a stairway in the store of the defendant. Portions of the Champlain building were added to the store of the defendant and the floors were not on the same level. From the third floor of the original store a stairway of six steps led to that part of the Champlain building occupied by the defendant. The stairway was ten feet broad, the steps were of iron, with six-inch risers and thirteen-inch tread.

The only count in the declaration necessary to be considered is the first additional count, which avers that the defendant negligently, etc., constructed a groove in one of said steps for a door to run in, so located that it was liable to catch the feet of persons going down the stairway, etc.; that plaintiff, as she was going down said stairs, caught her foot in said groove, fell and was injured, etc.

The plaintiff testified that her heel caught in a groove or something in the first step down, and that not knowing that her heel was caught, she took another step, overbalanced, fell to the foot of the stairs and was injured. Gussie Clemens, who was with her, testified that there was a groove in the first step down, that plaintiff tripped on that step and fell.

There was a groove in the second step from the top, two or three inches out from the back edge of the step. From the evidence the jury might properly find that the groove was V shaped, an inch and a half broad at the top and an inch deep. The overwhelming weight of the evidence is that there was no groove in the first step down, and consequently that the plaintiff and Miss Clemens were mistaken when they testified that there was a groove in the first step. Conceding that they were mistaken and there was no groove in the first step, but there was one in the second, we do not think that plaintiff's right to recover was thereby affected. It is wholly immaterial whether her foot was caught in the first step down or the second, and in case of such an accident plaintiff and her witness might well be mistaken as to whether her foot was caught in the first step down or the second. The questions for the jury were whether the defendant was guilty of negligence in constructing and maintaining a stairway in one of the steps of which was such a groove as the evidence shows was in the second step down of the stairway in question, and whether plaintiff's foot was caught in such groove and she thereby was caused to fall, and the further question whether plaintiff was in the exercise of reasonable care. We cannot say that the jury might not properly find each of these questions in favor of the contention of the plaintiff, and therefore cannot say that the verdict was against the evidence.

Finding no error in the record, the judgment of the Superior Court is affirmed.

*Affirmed.*